HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN K. TERWILLEGER,<br><br>     Plaintiff,<br><br> v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,<br><br>     Defendant. | CASE NO. 19-cv-5085-RBL<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS |

THIS MATTER is before the Court on Plaintiff Brian Terwilleger's Motion for Leave to Proceed *In Forma Pauperis*, supported by his Complaint.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See*

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

In addition, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

Here, Mr. Terwilleger's Complaint does not state a plausible claim on its face. Mr. Terwilleger claims that his Fourteenth Amendment due process rights and Washington statutory rights were violated in relation to a separate proceeding, but he does not explain how. To state a claim, Mr. Terwilleger must clearly and understandably explain *in the complaint* precisely what happened in the separate proceeding, what his rights are, and how those rights were violated. At

this point, it is hard to tell what exactly happened to Mr. Terwilleger. Consequently, the Court cannot draw a reasonable inference that the Defendant is at fault. *Iqbal*, 556 U.S. at 678.

For the above reasons, Mr. Terwilleger's Application to Proceed *In Forma Pauperis* is DENIED. Within 21 days of this Order, Mr. Terwilleger shall either pay the filing fee or file an amended complaint or voluntarily dismiss his claims. Otherwise, his petition will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 7th day of February, 2019.

_____
Ronald B. Leighton
United States District Judge