UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN TERWILLEGER,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES<br><br>Defendant. | CASE NO. 3:19-cv-05085-RBL-JRC<br><br>ORDER TO AMEND PROPOSED COMPLAINT AND RENOTING MOTION TO PROCEED *IN FORMA PAUPERIS* |

Plaintiff Brian Terwilleger requests leave to proceed *in forma pauperis* ("IFP") in this matter, which the District Court has referred to the undersigned. *See* Dkt. 8. The undersigned declines to grant plaintiff's IFP motion unless plaintiff files a second amended proposed complaint that adequately states a claim upon which relief can be granted.

**DISCUSSION**

Plaintiff initiated this matter by filing an IFP application, which included a proposed complaint for violation of civil rights. *See* Dkt. 1-1, at 1. The District Court denied plaintiff's application because his proposed complaint failed to state a claim upon which relief could be

granted. *See* Dkt. 4, at 2–3. Plainitff then filed a "proposed motion for civil contempt," which appears to be his amended proposed complaint. *See* Dkt. 5.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

Here, plaintiff's amended proposed complaint continues to fail to state a claim upon which relief can be granted. It is unclear whether plaintiff intends to bring a cause of action under 42 U.S.C. § 1983 for a civil rights violation, as plaintiff initially alleged (*see* Dkt. 1-1), to institute a "civil contempt action," or to take some other action.

If plaintiff seeks to bring a claim for civil contempt, his complaint is deficient because "'there is no such thing as an independent cause of action for civil contempt.'" *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993) (quoting *Blalock v. United States*, 844 F.2d 1546, 1550 (11th Cir. 1988) (per curiam)); *see also* 4 FED. PRAC. & PROC. CIV. § 1017 (4th ed. 2019) ("Civil contempt proceedings are considered to be a part of the action that is the source of the order that is the subject of the noncompliance.").

1 | If plaintiff intends to bring a § 1983 action, it is inadequate because a state agency like defendant is not a "person" for § 1983 purposes. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, if plaintiff intends to bring a § 1983 action, plaintiff must identify a proper defendant or defendants, in addition to specifically articulating the other elements required for relief under § 1983. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) ("Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law.").

If plaintiff intends to pursue this action, he must file a second amended proposed complaint with a short, plain statement telling the Court: (1) the constitutional right that plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the second amended proposed complaint on the form provided by the Court, if he intends to file a § 1983 action. The second amended proposed complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the other proposed complaints by reference. The second amended proposed complaint will act as a complete substitute for any prior proposed complaint, and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir.

ORDER TO AMEND PROPOSED COMPLAINT AND
RENOTING MOTION TO PROCEED IN FORMA
PAUPERIS - 3

2012). Therefore, the second amended proposed complaint must be complete in itself and all facts and causes of action alleged in any other proposed complaint that are not alleged in the second amended proposed complaint are waived. *Forsyth,* 114 F.3d at 1474.

If plaintiff submits an adequate proposed complaint, then the Court will consider his motion to proceed IFP. The Clerk shall renote plaintiff's IFP motion for consideration on **June 21, 2019** and shall provide plaintiff with the form for a § 1983 complaint. Plaintiff shall file a second amended proposed complaint no later than June 21, 2019. Failure to file the amended proposed complaint will result in the undersigned recommending denial of plaintiff's motion to proceed IFP. Denial of the IFP motion and failure to pay the filing fee will result in dismissal of this matter.

Dated this 20th day of May, 2019.

J. Richard Creatura
United States Magistrate Judge