UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN KEITH TERWILLEGER,

           Plaintiff,

  v.

WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,

           Defendant.

CASE NO. 3:19-cv-05085-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
JULY 26, 2019

    The District Court has referred this matter to the undersigned, as authorized by 28 U.S.C. §§ 636(b)(1)(A) and (B), and Local Magistrate Judge Rules MJR 1, MJR3, and MJR4. *See* Dkt. 7. The undersigned recommends dismissing this matter without prejudice for failure to comply with a Court order.

**BACKGROUND**

    Plaintiff initiated this matter by filing an IFP application, which included a proposed complaint. *See* Dkt. 1-1, at 1. The District Court denied plaintiff's application because his complaint failed to state a claim upon which relief could be granted. *See* Dkt. 4, at 2–3. Plaintiff then filed a "proposed motion for civil contempt," which appeared to be his amended proposed complaint. *See* Dkt. 5. This document also failed to state a claim upon which relief could be

REPORT AND RECOMMENDATION - 1

granted, and the Court ordered plaintiff to file a second amended proposed complaint. *See* Dkt. 9, at 3. This Court explained that it would not rule on plaintiff's IFP application until plaintiff submitted an adequate proposed complaint, and plaintiff was warned that "[f]ailure to file the amended proposed complaint will result in the undersigned recommending denial of plaintiff's motion to proceed IFP. Denial of the IFP motion and failure to pay the filing fee will result in dismissal of this matter." *See* Dkt. 9, at 4.

Plaintiff has filed another motion to proceed *in forma pauperis*; however, plaintiff has not filed any proposed amended complaint, as required by this Court's Order. *See* Dkts. 8, 9. To date, plaintiff has not paid the filing fee, either. *See* Dkt.

**DISCUSSION**

The Court has broad discretion in resolving an IFP application. *See Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Here, plaintiff was given opportunities to pay the filing fee or to submit a proper IFP application—one that included an adequate proposed complaint. He was warned that failure to file a corrected IFP application and to pay the filing fee would result in dismissal of this matter. However, plaintiff has failed to submit an adequate proposed complaint.

Thus, the undersigned recommends that plaintiff's motion to proceed *in forma pauperis* be denied and that this matter be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

1 | Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to
2 | set the matter for consideration on **July 26, 2019**, as noted in the caption.
3 | Dated this 10th day of July, 2019.

J. Richard Creatura
United States Magistrate Judge